NOEL A. KLEBAUM, State Bar No. 077025
County Counsel, County of Ventura
JEFFREY E. BARNES, State Bar No. 212154
Assistant County Counsel
800 South Victoria Avenue
Ventura, California 93009-1830
Telephone: (805) 654-5188
Fax: (805) 654-2185
E-mail: jeffrey.barnes@ventura.org

Attorneys for Ventura County District
 Attorney's Office

FILED
CLERK, U.S. DISTRICT COURT
MAY - 9 2008
CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERIBERTO MORALES, ESMERALDA MORALES, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF SIMI VALLEY, et al., <br><br> Defendants. | Case No. CV 07-4984 DSF (CWx) <br><br> [PROPOSED] PROTECTIVE ORDER REGARDING CRIMINAL HISTORY RECORDS |

WHEREAS counsel for plaintiffs in the above-captioned lawsuit has issued a subpoena duces tecum to nonparty Ventura County District Attorney's office dated February 8, 2008 (hereinafter referred to as the "Subpoena") seeking a true and correct copy of the entire prosecutorial files for the State criminal proceedings entitled *People v. Heriberto Morales*, Ventura County Superior Court Case No. 2004025097, *People v. Esmeralda Morales*, Ventura County Superior Court Case No. 2004025092, and *People v. Heriberto Morales and Esmeralda Morales*, Ventura County Superior Court Case No. 2004025083, including but not limited to all file notations, memorandums, filings and writings therein, and true copies of all reporter's transcripts;

WHEREAS the prosecutorial files identified in the Subpoena include records containing California summary criminal history information which the Ventura County

1

District Attorney's office obtained in confidence from the California Attorney General's office pursuant to California Penal Code Section 11105 et seq. ("Criminal History Records");

~~WHEREAS the parties hereto acknowledge that the Ventura County District~~ Attorney's office is not voluntarily disclosing the Criminal History Records but rather is being compelled to produce them by federal law and the United States District Court, Central District of California;

WHEREAS the parties hereto, recognizing the confidentiality of the Criminal History Records, and further recognizing the statutory and constitutional rights to privacy of the individuals identified in the Criminal History Records, stipulate and agree to abide by the terms and conditions of this protective order once approved by the Court;

NOW THEREFORE, the parties hereto stipulate and agree as follows:

1. The Ventura County District Attorney's office is ordered to produce and disclose the Criminal History Records in accordance with the terms and conditions of this protective order.

2. In producing and disclosing the Criminal History Records, the Ventura County District Attorney's office shall designate any and all such records as "Confidential Documents" as the term is used in the "Protective Order Regarding Police Personnel Information" currently on file with the court in the above-captioned lawsuit, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by this reference (the "Protective Order").

3. The parties to the above-captioned lawsuit shall maintain and treat the Criminal History Records as "Confidential Records" in accordance with paragraphs 3 through 17 of the Protective Order which are incorporated herein by this reference.

4. The Ventura County District Attorney's office shall possess any and all rights and privileges with respect to the Criminal History Records as a party producing "Confidential Documents" pursuant to the Protective Order as such rights and privileges

are set forth in paragraphs 3 through 17 of the Protective Order which are incorporated herein by this reference. The Ventura County District Attorney's office shall be provided reasonable advanced notice of, and an opportunity to be heard by the court regarding, any proposed amendment to or revocation of the Protective Order.

**IT IS SO STIPULATED AND AGREED:**

NOEL A. KLEBAUM
County Counsel, County of Ventura

Dated: 4/3/08

By: *(signature)*
JEFFREY E. BARNES
Assistant County Counsel

Attorneys for Ventura County District Attorney's Office

NYE, PEABODY, STIRLING & HALE

Dated: 4/3/08

By: *(signature)*
DAVID L. NYE

Attorneys for Defendants

THE BECK LAW FIRM

Dated: 4/3/08

By: *(signature)*
THOMAS E. BECK

Attorneys for Plaintiffs

**IT IS SO ORDERED.**

Dated: May 9, 2008

*(signature)*
THE HONORABLE CARLA WOEHRLY
United States Magistrate Judge

3

[PROPOSED] PROTECTIVE ORDER REGARDING CRIMINAL HISTORY RECORDS

David L. Nye (State Bar No. 67009)
Timothy C. Hale (State Bar No. 184882)
**NYE, PEABODY, STIRLING & HALE, LLP**
33 West Mission St., Suite 201
Santa Barbara, California 93101
Telephone: (805) 963-2345
Facsimile: (805) 563-5385
email: david@nps-law.com
        tim@nps-law.com

Attorneys for Defendants
City of Simi Valley, Mark Layhew,
John Adamczyk, Steven Prchal,
Richard Wiggington, Steven Shorts,
Howard Horwitz and Carin Wright

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERIBERTO MORALES, ESMERALDA MORALES, | Case No. CV07 - 4984 DSF (CWx) |
| Plaintiffs, | [PROPOSED] PROTECTIVE ORDER REGARDING POLICE PERSONNEL INFORMATION |
| v. | |
| CITY OF SIMI VALLEY, MARK LAYHEW, JOHN ADAMCZYK, STEVEN PRCHAL, RICHARD WIGGINGTON, STEVEN SHORTS, HOWARD HORWITZ, AND CARIN WRIGHT | |
| Defendants. | |

## PROTECTIVE ORDER

1. Discovery in this matter will necessarily involve discovery of peace officer personnel records. The parties to this lawsuit, recognizing the statutory and constitutional rights to privacy that a peace officer has in his or her personnel records, stipulate to abide by the terms and

- 1 -

EXHIBIT __A__, Page __4__

1  conditions of this Protective Order once approved by the Court.

2. The parties, in the production or disclosure of documents in this case, may designate any document, thing, material, testimony or other information derived therefrom <u>that includes protectable information from a peace officer's personnel records</u> as "CONFIDENTIAL" under the terms of the Protective Order (collectively referred to as "Confidential Documents"). Confidential Documents may include those described in California Penal Code §832.7, and includes peace officer personnel records and records maintained by the City of Simi Valley pursuant to California Penal Code § 832.5 or information obtained from those records. As defined in Penal Code § 832.8, "personnel records" means any file maintained under an individual peace officer's name by his or her employing agency and containing records relating to any of the following: (1) personal data, including marital status, family members, education and employment history, home addresses, or similar information; (2) medical history; (3) election of employee benefits; (4) employee advancement, appraisal or discipline; (5) complaints or investigation of complaints concerning an event or transaction in which he or she participated, or which he or she perceived, and pertaining to the manner in which he or she performed his or her duties; (6) any other information the disclosure of which would constitute an unwarranted invasion of personal privacy.

3. Confidential Documents do not include (1) documents already lawfully in the possession of the party to whom the Confidential Document is being produced or (2) documents available to the public.

4. Attorneys for the parties shall personally secure and maintain the Confidential Documents in their possession to the end that said Confidential Documents are to be used only for the purposes set forth below and for no other purpose.

5. The Confidential Documents shall be used only in preparation for this case, up to and including the completion of the judicial proceedings, including appeal.

6. Once the case proceeds to trial, documents that were designated as Confidential may be admitted as evidence at trial without regard to the provisions of the Protective Order, subject to any other available objections by any party. Anyone who wishes to have such documents treated as Confidential may renew their request before the trial judge.

7. By entering into this protective order, there is no waiver of any objections any party might have to the introduction of the Confidential Documents into evidence at the time of trial. In addition, the production of Confidential Documents by defendants pursuant to this Protective Order shall not constitute a waiver of any objections that defendants may have to the production of the Confidential Documents pursuant to the California Government Code, California Evidence Code, California Penal Code or other applicable state or federal authority.

8. Confidential Documents shall not be shown, produced or otherwise disseminated to any member of the public, counsel who are not counsel of record in this case, or the media.

9. Any Confidential Document, if filed with the court or if attached as an exhibit to a deposition or motion, shall be filed under seal after compliance with Local Rule 79-5.1 et seq. absent stipulation among the parties or court order with notice to all parties. If the contents of Confidential Documents are referred to or discussed during a deposition, the portion of the deposition that discusses the Confidential Documents shall be treated as a protected document hereunder.

10. Dissemination of the Confidential Documents during the pending judicial proceedings shall be limited to the parties, counsel for the parties, the parties' witnesses during a deposition, staff of counsel, expert witnesses and the court. A court reporter may also be provided with the Confidential Documents but where it has been attached to a deposition and then the protected document must be under seal and clearly marked as "Confidential - Subject to Protective Order."

11. Prior to any disclosure of any Confidential Documents to any person referred in Paragraph 9, such person shall be provided by counsel with a copy of this Protective Order and shall in writing state that he or she has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed writing.

12. At the conclusion of the legal proceedings in this matter, each person who has received a copy of Confidential Documents (court personnel excluded) shall return all such Confidential Documents to the attorneys for the party who gave him/her the copy. All copies of the Confidential Documents must then be returned to the party who produced the Confidential Documents at issue.

EXHIBIT  A , Page 7

13. No electronic copy of any Confidential Document may be made. If, in the future, an electronic copy of any Confidential Document is necessary for a court filing pursuant to electronic filing rules, the parties agree to meet and confer to discuss any appropriate exceptions or modifications to the Protective Order for that purpose.

14. The attorneys for the parties shall not cause or knowingly permit disclosure of the contents of the Confidential Documents beyond the disclosure permitted under the terms and conditions of this Order.

15. Protected documents in this Order shall be clearly marked by means of a stamp indicating "Confidential Subject to Protective Order."

16. All designations of confidential material in this case must be made in good faith. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as in camera review in extraordinary circumstances), may serve upon counsel for the designating person or party a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for the objecting party may seek appropriate relief from the Court in accordance with Local Rule 37.

17. Any party who violates this protective order may be subject to contempt and/or sanctions as the Court may deem appropriate upon notice and an opportunity to be heard (pursuant but not limited to FRCP 26 and/or FRCP 37).

- 5 -

EXHIBIT __A__, Page __8__

MAR-05-2008 10:54 ... T-549 P.007/008 F-134
Case 2:07-cv-04984-DSF-CW   Document 25   Filed 05/09/08   Page 9 of 9   Page ID #:148
MAR-05-2008 19:45  Case 2:07-cv-04984-DSF-CW   Document 20   Filed 03/05/2008   Page 6 of 7

1
2  **IT IS SO STIPULATED:**
3  March 4, 2008
4
5  Nye, Peabody, Stirling & Hale
6
7  By: _____
8  David L. Nye
   Attorney for Defendants
9
10 THE BECK LAW FIRM
11
   By: _____
12
   Thomas E. Beck
13 Attorneys for Plaintiffs
14
...
28

- 6 -

EXHIBIT __A__, Page __9__